```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEVEN BIALEK,
                                            MEMORANDUM AND ORDER
              Plaintiff,                    11-CV-5220 (FB)

     -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

              Defendant.
-----------------------------------------------------------x
```

*Appearances:*

| For the Plaintiff: | For the Defendant: |
| --- | --- |
| CHARLES E. BINDER, ESQ. | LORETTA E. LYNCH, ESQ. |
| Law Offices of Harry J. Binder and | United States Attorney |
| Charles E. Binder, P.C. | ARTHUR SWERDLOFF, ESQ. |
| 60 East 42nd Street, Suite 520 | Assistant United States Attorney |
| New York, NY 10165 | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

Plaintiff Steven Bialek seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. Both parties move for judgment on the pleadings. For the reasons set forth below, the case is remanded for further proceedings.

**I**

After working for seventeen years as an emergency medical technician, Bialek filed an application for Disability Insurance Benefits ("DIB") on June 30, 2008. After the Social Security Administration denied his application, he requested a hearing before an Administrative Law Judge ("ALJ").

On March 29, 2010, the ALJ concluded that Bialek was not disabled. Applying the familiar five-step process, the ALJ found that: (1) Bialek had not engaged in substantial gainful activity since May 28, 2008, the alleged onset date; (2) his left knee medial meniscus tear and status post-arthroscopic surgeries, status post-left foot stress fracture, lumbar disc disease, and asthma were each "severe impairments," AR at 15; (3) his impairments did not meet the criteria listed in 20 CFR Part 404, Subpart P, Appendix 1; (4) Bialek was "unable to perform any past relevant work," AR at 19, and (5) "there are jobs that exist in significant numbers in the national economy" that he can perform, AR at 19, specifically cashier checker, shipping and receiving weigher, and electric assembler.[1] The last two steps were based on the ALJ's finding that Bialek "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he is limited to lifting and carrying 20 pounds frequently; sitting up to 6 hours in an 8 hour workday; standing and walking up to 2 hours in an 8 hour workday; and should avoid continuous standing/walking; avoid pushing and pulling with the left lower extremity; avoid kneeling, climbing, bending, stooping and working at unprotected heights; and avoid concentrated exposure to known respiratory irritants." AR at 16.

The Appeals Council denied Bialek's request for review, rendering the Commissioner's decision to deny benefits final. Bialek timely sought judicial review.

## II

"In reviewing the final decision of the Commissioner, a district court must

---

[1] All citations to "AR" are to the Administrative Record.

determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Bialek argues that the ALJ erred by (1) violating the treating physician rule, (2) improperly evaluating his credibility, and (3) relying on flawed testimony from the vocational expert ("VE"). The Court addresses these arguments in turn.

**A. The Treating Physician Rule**

According to the treating physician rule, "the opinion of a claimant's treating physician as to the nature or severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory or diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ "draws its own conclusions as to whether those data indicate disability," but the ALJ must consider the physician's "ultimate finding of whether a claimant is disabled and cannot work." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Id.*

Though the claimant must supply evidence to establish his impairments, *see* 20 C.F.R. § 404.1512(a), the ALJ has "an affirmative obligation to develop the administrative record," *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). The regulations in effect at the time of the ALJ's decision instruct the ALJ to "seek additional evidence or clarification from your

3

medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1512(e)(1).[2] The Second Circuit has similarly recognized that "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999), and thus an ALJ's failure to develop the record is also a ground for remand, *see Butts*, 388 F.3d at 385-86.

Bialek contends that although he satisfied his burden of establishing severe impairments that prevent him from performing his past work, the ALJ failed to satisfy her burden by refusing to give controlling weight to the opinion of Dr. James Henry, the orthopedic surgeon who treated Bialek three to four times per year over a three-year period. Dr. Henry consistently noted left knee pain and tenderness, limited knee motion, injections administered to relieve inflammation, physical therapy recommendations, and work restrictions. AR at 174-77, 248, 253, 259-61. In a Lower Extremities Impairment Questionnaire,

---

[2] Although new regulations took effect on March 26, 2012, the version in effect when the ALJ adjudicated the claim applies to this Court's review. *See Lowry v. Astrue*, 474 F. App'x 801, 805 n.2 (2d Cir. 2012). The new regulations relieve the ALJ of the duty to re-contact the medical source as the first step to resolving an inconsistency or insufficiency, *see* 20 C.F.R. § 404.1512 (2012), and instead allow the ALJ to "determine the best way to resolve the inconsistency or insufficiency" based on the facts of the case, 20 C.F.R. § 404.1520b (2012). The ALJ must take at least one of the following steps: (1) re-contacting the treating physician or other medical source, (2) requesting additional existing records, (3) asking the claimant to undergo a consultative examination, or (4) asking the claimant or others for further information. *Id.* § 404.1520b(c)(1)-(4). Notably, the new regulations "do not alter an adjudicator's obligations under §[] 404.1512(d)," and the agency "expect[s] that adjudicators will often contact a person's medical source(s) first." *How We Collect and Consider Evidence of Disability*, 77 Fed. Reg. 10,651, 10,652 (Feb. 23, 2012).

4

Dr. Henry gave a "guarded" prognosis, noting that Bialek's symptoms are expected to worsen with age and activity and that further surgery may be required. AR at 332, 338. Though he reported Bialek could walk without an assistive device, he also noted that Bialek has an abnormal gait and that pain interferes with his ability to walk. AR 332-33, 335, 337. Dr. Henry did write, however, that the pain was "seldom" severe enough to interfere with Bialek's attention and concentration. AR at 337. In an 8-hour workday, Dr. Henry opined that Bialek is able to sit for 8 hours and stand/walk for 2 hours. AR at 335. Though Dr. Henry checked the "no" box to indicate that Bialek did not need to refrain from continuous sitting, he also indicated that Bialek needs to get up and move around "often." *Id.* Dr. Henry further noted that Bialek's impairments are likely to create good and bad days and are likely to cause him to miss work more than three times a month. AR at 338. Finally, Dr. Henry indicated that Bialek must avoid heights, pushing, pulling, kneeling, bending, or stooping. *Id.*

The ALJ gave "significant weight" to "a part" of Dr. Henry's residual functional capacity ("RFC") assessment but gave "no weight" to two of his opinions, AR at 18, and failed to provide good reasons for rejecting these opinions.

First, the ALJ disregarded Dr. Henry's opinion that Bialek must get up and move around often, viewing it as inconsistent with his opinion that Bialek need not refrain from continuous sitting. These opinions are not necessarily inconsistent since Dr. Henry may have believed that Bialek could sit for long periods of time provided that he could frequently take brief breaks. Alternatively, Dr. Henry may have inadvertently checked the wrong box regarding continuous sitting, since his next response indicates his belief that Bialek needs to get up and move around often. But even accepting the ALJ's view of the report as internally

5

inconsistent, the ALJ had the responsibility to develop the record to resolve this inconsistency. *See Rosa*, 168 F.3d at 80 ("[I]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." (quoting *Hartnett v. Apfel*, 21 F. Supp. 2d 217, 221 (E.D.N.Y. 1998))); *see also* 20 C.F.R. § 404.1512(d)-(e). Here, the ALJ failed to re-contact Dr. Henry or otherwise develop the record to determine whether Bialek requires frequent breaks from continuous sitting.[3]

Second, the ALJ gave no weight to Dr. Henry's assessment that Bialek would miss work more than three times per month, finding this opinion to lack "any basis" and to be "totally speculative having no medical certainty." AR at 18. The ALJ, however, failed to cite medical evidence to support her contrary view. AR at 18. The ALJ pointed to Dr. Henry's opinion that Bialek's symptoms seldom interfere with his concentration, but the ALJ ignored his findings that Bialek's symptoms interfere with ambulation, are expected to worsen with age and activity, and result in good days and bad days. The ALJ erred by "substitut[ing] h[er] own expertise or view of the medical proof for the treating physician's opinion." *Shaw v.*

---

[3]The Commissioner unpersuasively argues that Dr. Henry's opinion is inconsistent with objective medical evidence. The Commissioner points to Bialek's testimony that he spends his days on the couch and drives himself to appointments, *see* AR at 37; however, this testimony does not constitute objective medical evidence nor does it conflict with Dr. Henry's opinion that Bialek would need to take frequent breaks while sitting down at work. The Commissioner also contends that the ALJ's RFC determination is consistent with the opinion of Dr. Luke Han, who examined Bialek at the agency's request. Though Dr. Han noted lower back tenderness, he only expressed moderate restrictions for "prolonged standing, walking, or climbing." AR at 221. The Commissioner's explanation is insufficient since the ALJ did not cite to Dr. Han's opinion as a reason for discounting Dr. Henry's opinion. *See Snell*, 177 F.3d at 134 ("A reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action.'" (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962))).

6

*Chater*, 221 F.3d 126, 134-35 (2d Cir. 2000). Once the ALJ found Dr. Henry's assessment to lack a sufficient basis, the ALJ was obligated to develop the record. *See* 20 C.F.R. § 404.1512(e)(1).

Because the ALJ failed to provide good reasons for rejecting parts of Dr. Henry's assessment and failed to develop the record, remand is required. Upon remand, the ALJ must reassess Bialek's RFC by re-contacting Dr. Henry to clarify whether Bialek needs frequent breaks from sitting and what the basis is for his absenteeism assessment.

**B. Evaluation of Subjective Complaints**

Bialek next argues that the ALJ improperly evaluated his credibility. To evaluate the credibility of a claimant's subjective complaints, the ALJ must first determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms and, second, evaluate the intensity, persistence, and limiting effects of those symptoms. 20 C.F.R. §§ 404.1529(b)-(c). The ALJ must provide "specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96–7.

Bialek testified that he is unable to work due to his knee and foot injuries. AR at 32-33. He stated that he could walk one-and-a-half to two blocks, stand for 10 minutes, and sit for 30 to 45 minutes. AR at 43-44. He takes pain medication, AR at 45, and receives cortisone injections in his knee that help for just two days, AR at 35. He stated that his wife does most of the driving and that he only drives to physical therapy and doctor appointments. AR at 31. He also testified that he typically sits on the couch and watches television, or lies down if he is experiencing pain. AR at 37, 40. He does not help with household chores other than to load the dishwasher, though he is able to shop with his wife. AR at 38, 40.

The ALJ found that Bialek's "medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms to a degree; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR at 17. The ALJ stated that "[w]hile the claimant may very well have some degree of pain and limitation to his left leg/knee and low back, the evidence does not suggest a level of pain or limitations to preclude all work activity." AR at 18. In support of this credibility determination, the ALJ pointed only to the fact that Bialek handles his personal needs and drives independently to appointments, and that Dr. Henry indicated that Bialek's pain did not cause any concentration difficulties. AR at 16, 18.

Although daily activities are a relevant consideration, *see* 20 C.F.R. § 404.1529(c)(3)(i), Bialek's ability to tend to his personal needs and travel to appointments is not indicative of his ability to perform light work. Thus, this was an improper basis for discounting Bialek's subjective complaints. *See Balsamo v. Chater*, 142 F.3d 75, 81-82 (2d Cir. 1998) (stating that "a claimant need not be an invalid to be found disabled" (citation omitted)); *Nelson v. Bowen*, 882 F.2d 45, 49 (2d Cir. 1989) ("When a disabled person gamely chooses to endure pain in order to pursue important goals, it would be a shame to hold this endurance against him in determining benefits unless his conduct truly showed that he is capable of working."). The ALJ also improperly construed Dr. Henry's opinion that Bialek's symptoms do not interfere with his concentration as indicating that Bialek is exaggerating his symptoms. The ALJ ignored the other portions of Dr. Henry's report, which stated that Bialek's symptoms cause pain while walking, result in good and bad days, and may cause him to miss work frequently. *See Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 285-86 (E.D.N.Y.

8

1995) (stating that the ALJ "cannot simply selectively choose evidence in the record that supports his conclusions," and remanding because the ALJ failed to provide reasons for disregarding a medical opinion). The ALJ should have afforded Bialek "substantial credibility" in light of his 17-year work history as an emergency medical technician. *See Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983) ("A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability.").

Moreover, a reconsideration of Bialek's subjective complaints is necessary because the ALJ improperly discounted Dr. Henry's opinion in determining Bialek's RFC. The ALJ determined that Bialek's subjective complaints were not credible to the extent they were inconsistent with her RFC assessment and that his complaints suggest a greater severity than is demonstrated by the medical evidence. But once the ALJ reconsiders the medical evidence, it may fully support Bialek's testimony. Accordingly, after the ALJ reassesses Dr. Henry's opinion and obtains additional information as needed to resolve any inconsistencies or ambiguities, the ALJ must reassess the credibility of Bialek's subjective complaints.

**C. The Vocational Expert's Testimony**

Finally, Bialek contends that the VE's testimony was flawed because it was based on the ALJ's flawed RFC assessment. The ALJ posed a hypothetical to the VE in which an individual could lift and carry up to 20 pounds frequently, sit for 6 out of 8 hours, stand and walk for 2 out of 8 hours, and should avoid pushing, pulling, kneeling, bending, stooping, and unprotected heights. AR at 50-51. The VE testified that such individual would be able to perform the light jobs of cashier checker, shipping and receiving weigher, and electrical assembler. AR at 52-53. The VE confirmed that an individual who also needed to avoid

9

respiratory irritants and climbing would be able to perform these jobs. AR at 53-54. After the ALJ added limitations based on Bialek's testimony—specifically, the ability to walk one-and-a-half to two blocks, sit for 30 to 45 minutes, and stand for 10 minutes at a time—the VE opined that this individual would be able to perform the same jobs but with slightly eroded numbers. AR at 54-58. The VE opined that an individual could not perform these jobs if he would be absent more than three times per month. AR at 62.

A vocational expert's opinion is useful only when based on the claimant's actual limitations and capabilities. *Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1981). Because the flaws in the ALJ's analysis make it impossible for this Court to determine Bialek's RFC, it is also not possible to determine whether the VE's opinion is appropriate.[4]

### III

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is granted. The case is remanded to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York

---

[4] Notably, the VE initially testified that Bialek's standing and walking limitations correspond to sedentary work and started to outline those jobs. AR at 52. Only after the ALJ insisted that the VE search for light jobs did the VE offer three light work jobs. *Id.* Thus, the VE's opinion seems likely to change after the ALJ develops the record on remand and re-determines Bialek's RFC. The distinction between light and sedentary work is particularly significant here. Bialek has a high school education, his skills are not transferable, and he is 52 years old. AR at 19. Pursuant to the regulations, an individual over 50 with a high school education, non-transferable skills, and a sedentary work restriction is deemed disabled. *See* 20 C.F.R. Subpart P, Appendix 2, Rule 201.14.

January 28, 2013